## 54242. POLK v. THE STATE.

DEEN, Presiding Judge.

1. The defendant and two male companions, one driving the defendant's automobile, were stopped in Brooks County some few miles north of the Florida line. They claimed to have left Chattanooga, Tennessee, around four-thirty that morning. The defendant was holding a naked 14-month-old infant which on examination proved to have pinch and bruise marks over most of its body, cigarette burns on the body, a puncture wound in the scrotum, teethmarks where it appeared to have been bitten and a tendon fracture of the left ankle. The defendant appeared unconcerned and told the officer that it had fallen out of bed. She was arrested, tried and convicted of a violation of Code § 26-2801 by maliciously causing it cruel or excessive mental or physical pain. It appeared from the testimony that the parties were residents of Florida; that they had driven in the defendant's automobile to Chattanooga, Tennessee; that although the defendant claimed she had gone there to look for a job she admitted not having made an effort to find work, but she had driven the two men around town for about a week; they had found no work, and decided to return to Florida, leaving Chattanooga about four or four-thirty in the morning. One of the men admitted having burned and bitten the infant, then changed his story to the extent of saying that he and the defendant had done it together. The defendant's contention that she was afraid of her companions is not borne out by the testimony

that she voluntarily drove them about in her automobile. The primary defense, based on opinion testimony that most of the marks on the child's body were from a day to a week old, is that the cruelty was not inflicted in Georgia, where the parties had been for only nine or ten hours, but in Tennessee, negating proof of venue. As to most of the injuries, this is probably true. However, testimony by the arresting officers that the baby had fresh blood on its nose and mouth indicates that the child had suffered at least some physical damage very recently prior to arrest, and this coupled with the mother's complete unconcern for its physical condition and failure to attempt any kind of aid for it is sufficient to support the verdict finding her guilty of cruel treatment in the state of Georgia. The evidence, although circumstantial, is sufficient. Cf. *Henderson v. State,* 134 Ga. App. 898 (2) (216 SE2d 696).

2. *Williams v. State,* 12 Ga. App. 364 (77 SE 183) and *Smith v. State,* 69 Ga. 768, reversing cases dealing with cruelty to animals on the ground that it was not proved in what county the injuries were inflicted, are not in point, since they were decided prior to the enactment of Code § 26-302 (e) providing that where a crime is committed in a vehicle traveling within this state, it may be considered to have been committed in any county traversed. This section was given in charge and is supported by the same evidence as that sustaining the general grounds. No question of its constitutionality was raised in the trial court or can be considered here; however, similar statutes have been held constitutional in other states. Cf. Watt v. People, 126 Ill. 9 (18 NE 340).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JULY 7, 1977 — DECIDED JULY 12, 1977.

*Saliba & Newsom, George M. Saliba,* for appellant.
*Alden W. Snead, Assistant District Attorney,* for appellee.