69455. ELY v. THE STATE.
(324 SE2d 569)

BANKE, Presiding Judge.

Martin Ely was convicted of child molestation and solicitation of sodomy. On appeal, he contends that testimony concerning his identification at a pre-trial photographic lineup was erroneously admitted over the objection that it was somehow tainted by the witness' subsequent opportunity to observe him in the courtroom prior to trial. He also contends that his in-court identification by the witness should not have been allowed.

The testimony of the witness in question, a 10-year-old girl, was offered to prove a similar transaction not charged in the indictment. It was established outside the presence of the jury that this witness had been brought to the back of the courtroom by a police investigator prior to trial, at a time when the defendant was present in the courtroom. Although the witness was able to identify the defendant from this vantage point, the trial court refused to allow her to testify to that effect. He did, however, allow her to testify concerning her prior identification of the defendant from a photographic lineup, as well as to identify him at trial as her assailant. *Held*:

1. The photographic display, which is contained in the record before us on appeal, consists of photos of six males of similar age and appearance. We do not find it to be "unnecessarily suggestive and conducive of irreparable mistaken identification." See generally Kirby v. Illinois, 406 U. S. 682, 691 (92 SC 1877, 32 LE2d 411) (1972); *Johnson v. State*, 160 Ga. App. 590 (287 SE2d 629) (1981). Furthermore, it obviously could not have been influenced by the events which subsequently took place in the courtroom. We therefore conclude that the evidence concerning the photographic identification was properly admitted.

2. The defendant asserts that, as regards the witness' pre-trial identification of him in the courtroom, he was deprived of his constitutional right to assistance of counsel; and he argues that, for this

reason, the trial court erred in failing to exclude his in-court identification by the witness. We agree, as apparently did the trial court, that the courtroom encounter took place at a critical stage of the prosecution, at which the defendant was entitled to have counsel present. See generally United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) (1967). The defendant's attorney, though present in the courtroom at the time, was otherwise occupied and unaware that the witness was being given the opportunity to identify his client. Under the circumstances, the trial court properly excluded any testimony relating to the encounter.

It does not follow, however, that the trial court erred in allowing the witness' in-court identification of the defendant. "Even if the pretrial identification is 'tainted,' the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an 'independent origin.' ((United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178)) . . ." *Moye v. State*, 122 Ga. App. 14, 18 (176 SE2d 180) (1970); also see *Code v. State*, 234 Ga. 90 (V) (214 SE2d 873) (1975); *Paxton v. State*, 160 Ga. App. 19 (285 SE2d 741) (1981). The victim testified that her original encounter with the defendant had taken place in broad daylight and had lasted for several minutes, during which period she had been able to observe him at close range. Her identification was positive and unhesitating. Under all the circumstances, we find that the in-court identification had an independent origin and did not arise from the prior courtroom encounter.

*Judgment affirmed. Pope and Benham, JJ., concur.*

Decided November 26, 1984.

*Kenneth D. Feldman*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, A. Thomas Jones, Assistant District Attorneys*, for appellee.