## 77096. GAINER v. THE STATE.
(372 SE2d 848)

McMURRAY, Presiding Judge.

Defendant was found guilty by a jury of simple battery. Following her conviction, defendant obtained other counsel and filed a motion for new trial, arguing in pertinent part that her trial counsel provided ineffective assistance. At a hearing on her motion for new trial, defendant testified that she first talked with her trial attorney the day before trial and that she informed him that the incident which formed the basis of her prosecution was initiated by the victim, explaining that the victim wanted "to get even with . . ." defendant for "reporting [the victim and members of the victim's family] for selling cocaine, and reefer and whatever else they sell." Defendant further testified that she informed her trial attorney that the victim had been arrested on drug charges and that she did not mention the victim's arrest at trial because her attorney advised her "not to bring [it] up . . ." Defendant also presented evidence showing that the victim was convicted in 1983 for selling marijuana and was indicted on April 21, 1987, for violating Georgia's Controlled Substances Act. (This evidence was not offered at trial to corroborate defendant's defense nor was it used to impeach the victim.) The State presented no evidence at the hearing and the trial court denied the motion for new trial. Defendant now appeals, asserting in her sole enumeration of error that she received ineffective assistance of counsel at trial. Held:

Defendant contends her trial attorney was ineffective in failing to pursue information she provided regarding the victim's prior criminal record and advising her not to mention during trial the basis of the victim's animosity toward her.

"We follow the Supreme Court's two-prong test set forth in Strickland v. Washington, [466] U. S. [668] (104 SC 2052, 80 LE2d 674) (1984), in determining whether there has been actual ineffective assistance of counsel, thereby requiring the reversal of defendant's conviction. The defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense. Strickland v. Washington, supra, [466] U. S. at [687] (104 SC at 2064); Smith v. Francis, 253 Ga. 782, 783 (325 SE2d 362) (1985).

"In Strickland the Supreme Court approved Georgia's 'reasonably effective assistance' standard enunciated in Pitts v. Glass, 231 Ga. 638 (203 SE2d 515) (1974). Strickland v. Washington, supra [466 U. S. at [687, 690] (104 SC at 2064); Smith v. Frances, supra, 253 Ga.

at 783. Thus, counsel's performance will not be found to be deficient if it falls within the range of 'reasonably effective assistance.' To perform within this range, counsel must make all significant decisions in the exercise of reasonable professional judgment. The reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. *Smith v. Francis*, supra, 253 Ga. at 783. The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.

"Regarding the second prong of the test, the defendant must show that the deficient performance actually prejudiced the defense. In other words he must show there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors. *Strickland v. Washington*, supra, [446] U. S. at [687] (104 SC at 2068); *Smith v. Francis*, supra, 253 Ga. at 783." *Brogdon v. State*, 255 Ga. 64, 67 (3), 68 (335 SE2d 383).

In the case sub judice, we find nothing in the trial record to suggest that defendant's attorney failed to meet the "reasonably effective assistance" standard in representing defendant at trial. On the contrary, an examination of the trial transcript demonstrates that defendant's trial attorney was well acquainted with the circumstances surrounding defendant's case and that he pursued a trial strategy which supported defendant's claim that the victim initiated the fight which formed the basis of defendant's prosecution. More specifically, defendant's attorney cross-examined the State's witnesses, stressing the weaknesses of the victim's testimony and suggesting a version of the incident which supported defendant's claim of self-defense and provocation. Additionally, defendant's attorney attempted to suggest during his opening statement, over the State's objection, that the victim's complaint against defendant was based on personal animosity rather than from facts stemming from an unavoidable confrontation instigated by defendant. Finally, defendant testified as to her version of the fight and explained that the victim initiated the confrontation "on the account of [the victim's belief] that [defendant and defendant's husband] had said some things about [the victim] and her family. . . ."

The fact that defendant's attorney decided to avoid associating his client with a drug-related conflict may well be considered "sound trial strategy" and, in light of the overwhelming evidence supporting the victim's version of the incident, we cannot say that the victim's 1983 conviction for selling marijuana would have relevantly impeached the victim and affected the outcome of the trial. In this regard, the victim's version of the incident was corroborated by two eyewitnesses, one who testified that he was not personally acquainted

with either defendant or the victim. This evidence was more than sufficient to satisfy the standard of proof required in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and was persuasive in sustaining the reliability of the jury's verdict according to the "second prong" of the test set forth in *Strickland v. Washington*, 466 U. S. 668, supra. Accordingly, we hold that the trial court did not err in finding that defendant received "reasonably effective assistance" of counsel at trial and in denying the defendant's motion for new trial.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 7, 1988.

*Howard T. Scott*, for appellant.
*Ken Stula, Solicitor*, for appellee.