## 77176. THOMPSON v. THE STATE.
(373 SE2d 292)

DEEN, Presiding Judge.

This case was previously remanded by the court "for a hearing and appropriate findings concerning . . . the issue of effective assistance of counsel." *Thompson v. State*, 186 Ga. App. 471 (367 SE2d 320) (1988). After a hearing, the trial court made a written review of the evidence and found that trial counsel was in no way deficient in his representation of appellant and that there was no reasonable probability that the outcome would have been any different but for trial counsel's alleged errors. Thompson appeals contending that the evidence presented at the hearing established that his trial counsel was ineffective and but for this ineffectiveness, the result of his trial would have been different. *Held*:

The evidence showed that the defense attorney met with appellant at least nine times in the three months prior to trial and several times after trial before sentencing. Counsel's pretrial preparation included meeting with an assistant district attorney and a police prosecutor to negotiate an agreement which would permit appellant to enter a guilty plea to one count of child molestation on a five-count indictment if he wished. He refused. Counsel also interviewed seven potential witnesses, went to the crime scene and took photographs (several of which were introduced into evidence), prepared a diagram of the house involved in the crime, reviewed the tape and transcript of Thompson's commitment hearing and a transcript of the juvenile hearing involving the victim and her father, reviewed the notes of two mental health counselors in the State's file, advised appellant of his rights, discussed possible defenses with him and the likelihood of success at trial, and filed pretrial motions. He also prepared questions to ask the witnesses at trial and gave a typed copy to appellant for his personal use at trial. He researched the applicable law, made an opening statement, cross-examined witnesses and brought out the fact that the victim's description of his car, where the assault allegedly took place, was incorrect, and made a closing statement.

Although the evidence showed that counsel was appointed three months before trial, appellant claims he was appointed a couple of weeks prior to trial and that the attorney only spoke with him three times prior to trial. He admitted that he did not tell his attorney that he allegedly took a walk during the time the crime was committed and claims to have made a long-distance telephone call to Texas. Counsel heard this defense for the first time from his client when he took the witness stand. Thompson also claimed that counsel failed to file a timely appeal, but later acknowledged that another attorney was appointed to represent him on appeal and that that attorney filed the notice of appeal.

Acts which appellant contends rendered counsel ineffective can be classified as trial strategy: not pursuing prior sexual attacks on the victim by her father and brother because counsel feared the jury would become more sympathetic towards her, and failing to pursue more rigorous questioning of a certain witness because of the possible adverse effect on the jury. Counsel's decision as to whether to object to the introduction into evidence of the victim's panties also falls into the category of trial strategy. An expert witness testified that, in his opinion, trial counsel had rendered effective assistance.

Under the holding in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), there is a two-pronged test for determining the validity of a claim of ineffective assistance of counsel: whether (1) counsel's performance was deficient; and whether (2) this deficiency prejudiced the defense (there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency). *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985). In *Strickland* at 466 U. S. 686, the court approved a "reasonably effective assistance" standard which had already been adopted in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). Thus, "[t]he reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. [Cit.] The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." *Brogdon* at 68. As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. *Cherry v. State*, 178 Ga. App. 483, 484 (2) (343 SE2d 510) (1986).

The evidence in this case supports the trial court's finding of effective assistance of counsel. He was well prepared for trial, made opening and closing statements, and conducted a vigorous cross-examination of the witnesses in addition to extensive pre-trial preparation. In fact, counsel was so successful that Thompson was acquitted on two of the five counts against him.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

Decided September 21, 1988.

*Keith F. Allen*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.