## 77799. BALDUF v. THE STATE.
(378 SE2d 409)

BIRDSONG, Judge.

Appellant was tried for aggravated assault. The evidence presented at trial showed that while appellant was visiting in his girl friend's home the victim arrived and a "scuffle" ensued. Appellant fired a revolver, causing the victim to back away, at which time appellant fired again and wounded him. He appeals from the jury's verdict of guilty, enumerating as error the trial court's overruling of his motion for new trial "without allowing evidence to be presented to prove the case." *Held*:

At the hearing on the motion for new trial, appellant represented himself. Appellant asserted he had received ineffective assistance of counsel because his retained attorney had failed to subpoena a doctor who had treated him for injuries he allegedly incurred during the scuffle with the victim. Appellant also complained of certain events which he had learned about after the trial concerning his attorney's financial difficulties. The trial judge ruled that based on his observation of the manner in which the attorney conducted appellant's trial defense and what appellant had presented in the hearing on the motion for new trial, the court could not conclude that appellant's representation had been ineffective. In his pro se appeal brief, appellant alleges 13 additional points of evidence that he contends could have been proven at the motion hearing in support of his assertion of inadequacy of counsel. However, none of these allegations in any way refutes the uncontradicted testimony that appellant shot the victim as he was retreating, or indicates any deficiency in his attorney's conduct of his defense. Moreover, the record affirms that trial counsel submitted motions, made objections, presented evidence and vigorously

cross-examined the State's witnesses.

"Under the holding in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), there is a two-pronged test for determining the validity of a claim of ineffective assistance of counsel: whether (1) counsel's performance was deficient; and whether (2) this deficiency prejudiced the defense (there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency). *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985). In *Strickland* at 466 U. S. 686, the court approved a 'reasonably effective assistance' standard which had already been adopted in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). Thus, '(t)he reasonableness of counsel's performance is then considered, in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. [Cit.] The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' *Brogdon* at 68. As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. [Cit.] The evidence in this case supports the trial court's finding of effective assistance of counsel." (Indention omitted.) *Thompson v. State*, 188 Ga. App. 508, 509 (373 SE2d 292). Accord *Gainer v. State*, 188 Ga. App. 314 (372 SE2d 848); *Lowe v. State*, 187 Ga. App. 678 (2) (371 SE2d 238).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 8, 1989.

Dennis R. Balduf, *pro se*.

Johnnie L. Caldwell, Jr., District Attorney, William H. Stevens, Assistant District Attorney, for appellee.