A89A0982. BUTLER v. THE STATE.
(382 SE2d 616)

Deen, Presiding Judge.

Frederick C. Butler was granted an out-of-time appeal in his two convictions of rape and aggravated oral sodomy, which were tried separately.

1. Appellant alleges that during the trial for the rape and sodomy of the first victim, the court erred in permitting an in-court identification by the victim to be admitted into evidence. The basis for this enumeration is testimony presented at trial that showed that a single photograph of appellant was shown to the victim prior to his arrest. No objection to this testimony was raised below. She testified that he threw a small rug over her head when he entered her bedroom, but that she recognized his voice while he was in her apartment and that she also saw his face as he was going out the door when she took the rug off her head because the area was lit by a street light. She did not know his first name, but knew his last name and where he lived. He apparently had been to her apartment with friends several times in the past and worked at Savannah State College, the same place she worked. She advised the investigating officer that she knew Butler and where he worked. Upon investigation, the officer was able to obtain Butler's first name and a description of him which matched the description both victims gave of their assailant.

In-court identification is not unconstitutionally inadmissible " '[e]ven if the pre-trial identification is "tainted" . . . if it does not depend upon the prior identification but has an "independent origin." ' " *Code v. State,* 234 Ga. 90, 99 (214 SE2d 873) (1975); *Ely v. State,* 172 Ga. App. 737, 738 (324 SE2d 569) (1984). In the instant case there was lengthy testimony as to the independent origin of the victim's identification of Butler; he had visited her apartment in the past, she knew him from his place of employment, she recognized his voice, and got a glimpse of his face when it was lighted by the street light.

2. Appellant also contends that the in-court identification by a second victim was improperly admitted for the same reason set forth in Division 1 above.

The second victim made an in-court identification of the defend-

ant which she testified was "based on the view that I had of him at a face-to-face conversation after he had assaulted me." She saw him in her bedroom and noticed certain facial details such as wrinkles on his forehead, a mustache, and a light beard. She also viewed him from a distance of 1-2 inches in a hallway which was lit by a street light shining through a window. Later, she observed him in the street under a street light. The victim therefore "had ample time and opportunity to observe the defendant at the time the crime was committed thereby establishing a basis for [her] in-court identification." *Byrd v. State*, 173 Ga. App. 449, 450 (326 SE2d 813) (1985). The evidence clearly had an independent origin as required under *Code v. State*, supra, and *Ely v. State*, supra.

3. Appellant asserts as error the admission of evidence of each rape and sodomy in the trial of the other.

Evidence of similar crimes is admissible, especially in cases involving sexual offenses, to show motive, bent of mind, plan, scheme, or course of conduct. "To be admissible there must be evidence that the defendant was the perpetrator of the independent crime and there must be sufficient similarity between the independent crime and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982)." *O'Neal v. State*, 170 Ga. App. 637 (318 SE2d 66) (1984).

The evidence in the two cases is strikingly similar. The perpetrator raped and performed oral sex on the first victim and then forced her to commit oral sodomy upon him. He raped and performed oral sex on the second victim and he attempted to force her to perform oral sex upon him, but she managed to get away from him. The testimony of the victims was admissible in both cases.

4. Appellant's trial counsel filed a motion for a new trial asserting only the general grounds. Butler was granted an out-of-time appeal upon review of his petition for habeas corpus because he had never been informed of his right to appeal his convictions. That court, however, declined to rule upon his contention that trial counsel was ineffective. He is represented by new counsel who filed a notice of appeal. As his contention of ineffective assistance was not raised by a motion for a new trial in the court below, and the habeas court did not consider it, it must be considered as being raised for the first time on appeal. We therefore remand this case to the trial court for a hearing and entry of appropriate findings of fact on the issue of effective assistance of counsel. If Butler prevails on this issue, he will be entitled to a new trial. If he does not, he has the right to appeal that order within thirty days after it is entered. *Brooks v. State*, 187 Ga. App. 92, 94 (369 SE2d 349) (1988). See also *Hightower v. State*, 189 Ga. App. 553 (376 SE2d 717) (1988).

*Judgment affirmed and case remanded with direction. Birdsong*

*and Benham, JJ., concur.*

DECIDED MAY 3, 1989 —
REHEARING DENIED MAY 22, 1989 — 

C. *Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.