## A89A0711. GRINER v. THE STATE.
(384 SE2d 398)

BENHAM, Judge.

George B. Griner, Jr., appeals his jury conviction of driving under the influence of alcohol.

1. Appellant contends that the trial court erred in not granting his two motions for a directed verdict of acquittal. We disagree. The evidence showed that on February 14, 1987, at 4:00 a.m., a member of Gwinnett County's DUI Task Force clocked on her radar appellant driving 72 mph in a 50-mph-zone. She followed appellant for approximately one-quarter mile on Peachtree Industrial Boulevard and noticed his vehicle veer over the line separating the lanes and continue to straddle the line until he stopped at a service station in response to the officer's blue light. The officer noted that appellant had a strong odor of alcohol, slurred speech, bloodshot eyes, and a fatigued look. After registering positive on the alcosensor test, appellant was asked to recite the alphabet and he could not do so without making mistakes. The officer then took appellant to the police department and attempted to administer an intoximeter test, which was not completed due to appellant's belching and subsequent refusal to be retested. At trial, the officer testified that, based on her observations, appellant was a less safe driver.

OCGA § 40-6-391 (a) provides that a person shall not drive or be in actual physical control of any moving vehicle while under the influence of any alcohol to a degree which renders him incapable of driving safely. There was evidence that appellant was guilty of violating that statute section, and therefore a verdict of acquittal was not demanded. OCGA § 17-9-1 (a). "If there is any evidence of guilt, it is for the jury to decide whether that evidence . . . is sufficient to warrant a conviction. [Cits.]" *Castillo v. State*, 166 Ga. App. 817 (1) (305 SE2d 629) (1983). The jury was authorized to find that appellant was guilty beyond a reasonable doubt of driving under the influence, and so the motions for directed verdict of acquittal were properly denied. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McKenzie v. State*, 187 Ga. App. 840 (1) (371 SE2d 869) (1988); *Howell v. State*, 179 Ga. App. 632 (347 SE2d 358) (1986).

2. Appellant contends the trial court erred in failing to grant a mistrial when a juror was found to be sleeping on two different occasions. The record shows that on the two occasions the trial judge discovered a juror asleep, he immediately called a recess and informed the attorneys of the situation. The record is silent as to what instructions he gave the jury as to this matter. " '(T)he burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed.' " *In re Holly*, 188 Ga. App. 202,

203 (372 SE2d 479) (1988). Since the record shows that the trial judge, upon noticing a juror sleeping, awakened him and called a recess and that no further instructions were requested by counsel, the trial court acted properly under *Foster v. State*, 255 Ga. 425 (2) (339 SE2d 256) (1986). Hence, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 20, 1989 —
REHEARING DENIED JULY 13, 1989 —

*James C. Strayhorn, Michael J. Kean,* for appellant.
*Gerald N. Blaney, Solicitor, Faye S. Pous, David M. Fuller, Assistant Solicitors,* for appellee.