A89A1289. WHITE v. THE STATE.
(387 SE2d 921)

POPE, Judge.
Defendant Johnny F. White was tried and convicted by a jury of two counts of aggravated child molestation in Lee County, Georgia. He appeals from the trial court's denial of his motion for new trial. We affirm.

1. Defendant contends that the State failed to prove venue as to both counts. Count one of the indictments concerned an incident that allegedly occurred on April 7, 1988, when the defendant, against medical advice, removed the victim, his eight-year-old daughter, from Southwest Regional Hospital, where she had been placed because of severe behavioral problems. According to the statement of the defendant, which was entered into evidence at trial, and the videotaped testimony of the victim, the defendant and the victim were travelling from the hospital in Thomas County, Georgia, to their home in Lee County, when the defendant left the main road and went behind a barn where he instructed the victim to undress. Defendant stated that he fondled the victim while masturbating. The victim told hospital workers that the defendant fondled her and placed his mouth on her genitals while masturbating. Neither the victim nor the defendant could identify which county they were in when these acts took place.

In general, criminal actions shall be tried in the county where the crime was committed. OCGA § 17-2-2 (a). However, "[i]f a crime is committed upon any . . . vehicle . . . within this state and it cannot

readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled." Here the evidence shows that the defendant traveled with the victim from Thomas County, where the hospital was located, to Lee County where the defendant lived with the victim and her siblings. Consequently, the evidence of venue as to count one was sufficient. See *Polk v. State*, 142 Ga. App. 785 (2) (236 SE2d 926) (1977).

The second count of the indictment concerned acts of molestation which allegedly occurred between January and April of 1988, after defendant moved from Cussetta, Georgia, in Chattahoochee County to Lee County. Defendant admitted to molesting his daughter on three occasions while the family was residing in Cussetta. The victim told workers at the hospital that the molestation had been occurring for approximately two years, and that the father had attempted penetration when they were living in Cussetta, but since that time the acts had consisted of fondling and oral sodomy. Evidence was also presented that the victim had a history of behavior problems and that these problems were most severe when the victim was living with her father and less severe when she was living with her grandmother. A social worker testified that the victim's behavioral problems had increased in severity after the victim had moved back in with her father while he was living in Lee County. Testimony was also presented that the victim's behavioral problems and test results were consistent with a child who had been sexually abused. "Circumstantial, as well as direct evidence, may be used to establish venue. *Loftin v. State*, 230 Ga. 92, 94 (2) (195 SE2d 402) (1973). Where there is no conflicting evidence, slight evidence is sufficient. *Aldridge v. State*, 236 Ga. 773, 774 (1) (225 SE2d 421) (1976). Since venue is a question for the jury, its decision will not be set aside if there is any evidence to support it. [Cits.]" *Taylor v. State*, 176 Ga. App. 567 (1) (a) (336 SE2d 832) (1985). See also *Woodruff v. State*, 191 Ga. App. 338 (381 SE2d 582) (1989).

2. Defendant also contends that he was rendered ineffective assistance of counsel at trial. Specifically, defendant argues that trial counsel was unprepared, that he failed to conduct a thorough cross-examination of the State's witnesses, that he failed to put the defendant on the stand, that he failed to call certain witnesses who would have given testimony beneficial to the defendant, and that he failed to pursue vigorously certain challenges to the evidence and motions made on the defendant's behalf.

Pursuant to the two-prong test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), defendant must meet two tests in order to prevail on his ineffective as-

sistance of counsel claim: "1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment; 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. [Cit.]" *Hosch v. State*, 185 Ga. App. 71, 72 (363 SE2d 258) (1987). As to the first prong, the Supreme Court has approved the "reasonably effective assistance" standard adopted in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). "Thus '(t)he reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. (Cit.) The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' *Brogdon* [*v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985)]. As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. [Cit.]" *Thompson v. State*, 188 Ga. App. 508, 509 (373 SE2d 292) (1988). " 'Regarding the second prong of the test, the defendant must show that the deficient performance actually prejudiced the defense. In other words he must show there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors. [Cits.]' " *Gainer v. State*, 188 Ga. App. 314, 315 (372 SE2d 848) (1988).

Our review of the trial transcript reveals that in the instant case defense counsel was, contrary to defendant's assertions, versed in both the law and the facts of the case, that he conducted a thorough cross-examination of the State's witnesses, that he made a pre-trial motion in limine and that he moved for a directed verdict at the close of the case. Although counsel did not place the defendant on the stand or present any witnesses in his behalf, the record discloses that counsel attempted, through his cross-examination of other witnesses, to show both that the defendant's statement was involuntarily given and that the statements made by the victim should not be believed.

"Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. [Cits.] Even if trial counsel's strategy was flawed, it was not sufficient to render his representation ineffective under the [standard enunciated above.]" *Hosch*, supra at 72. Consequently, we find defendant's allegations of ineffective assistance of counsel to be without merit. See *Thompson*, supra; *Gainer*, supra;

*Ray v. State*, 183 Ga. App. 57 (357 SE2d 877) (1987).

3. We have examined defendant's enumerations concerning the admission of his in-custody statement and find them to be without merit. Specifically, the record does not support defendant's contentions that the statement was the product of duress or that he made the statement because he was in "pain and anguish due to paint and chemical substances upon his body."

4. Defendant enumerates as error the admission into evidence of similar transactions, to wit, evidence that the defendant had molested the victim while they were residing in Cussetta, Georgia. Again we find no error. "Evidence of other similar crimes by a defendant is admissible if there is sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Such evidence may be admitted to show state of mind or intent of a defendant. In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged. [Citations and punctuation omitted.] *Felts v. State*, 154 Ga. App. 571 (2) (269 SE2d 73) (1980)." *Meier v. State*, 190 Ga. App. 625, 627-628 (379 SE2d 588) (1989). Here the similar offense consisted of on-going acts of molestation perpetrated by the defendant on the victim while they were living in another county. Defendant admitted prior to trial that he had molested the victim on four previous occasions while the family resided in Cussetta. This enumeration affords no basis for reversal. *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425) (1989); *Butler v. State*, 191 Ga. App. 620 (3) (382 SE2d 616) (1989).

5. We have examined the videotape of the victim describing the acts of molestation, as well as the testimony presented at trial concerning the circumstances under which the videotape was made, and find that it was properly admitted into evidence at trial. *Newberry v. State*, 184 Ga. App. 356 (2) (361 SE2d 499) (1987).

6. Relying on *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987), defendant enumerates as error the trial court's failure to place the victim on the stand to testify. "[T]he court is required to have the victim testify only 'at the request of either party,' [*Sosebee* at 299] . . . ." *In the Interest of B. H.*, 190 Ga. App. 131, 133 (378 SE2d 175) (1989). Here, neither party requested that the victim testify, and the defendant specifically agreed that the child could be released from trial during the course of the proceedings. This enumeration is without merit.

7. Defendant asserts the general grounds, and argues that the trial court erred in denying his motion for directed verdict on the basis that the State failed to prove the elements of the charges against him. However, we have examined the evidence adduced at trial and

find it more than sufficient to enable any rational trier of fact to find defendant guilty of the offenses of aggravated child molestation. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thus, the trial court did not err in denying defendant's motion for directed verdict of acquittal. See *Westbrook v. State*, 186 Ga. App. 493 (3) (368 SE2d 131) (1988).

8. Likewise, for the reasons stated in Divisions 1 through 7 of this opinion, the trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1989.

*Robert H. Reeves*, for appellant.

*John R. Parks, District Attorney, Barbara A. BeCraft, Assistant District Attorney*, for appellee.