A90A1405. ANDERSON v. THE STATE.
(397 SE2d 557)

DEEN, Presiding Judge.

Appellant Anderson and a co-defendant were apprehended following the armed robbery of a Gwinnett County convenience store. The co-defendant, not a party to the instant appeal, plead guilty to charges of armed robbery and possession of a firearm by a convicted felon, and appellant Anderson, on his attorney's advice, plead guilty to the armed robbery charge. He subsequently decided that he had not been adequately represented and filed a petition requesting appointment of new counsel. Newly appointed counsel filed a motion for withdrawal of appellant's guilty plea and, after the motion was granted, Anderson was tried and found guilty as charged. He unsuccessfully sought a new trial. After withdrawal of his second attorney, appellant sought and was granted new counsel. This attorney filed an extraordinary motion for a new trial and a motion for supersedeas bond. After denial of both motions (counsel had filed an amendment to the extraordinary motion for new trial, setting forth specifics), appellant sought and was given counsel to represent him on appeal. He enumerates as error ineffective assistance of counsel on his first appeal and the overruling of the paragraphs in his amended motion which alleged that he was given insufficient time before trial for preparing his defense. *Held:*

1. The record shows that appointed counsel was unable to elicit his client's cooperation and was therefore allowed to withdraw as counsel of record some months after denial of his motion for new trial based on the general grounds. The record further shows that, three days after entry of the order permitting withdrawal of counsel, the court entered an order appointing new counsel to represent Anderson on appeal, and that this attorney filed on appellant's behalf a motion for bond and an extraordinary motion for new trial, both of which

were denied. In *Thompson v. State*, 188 Ga. App. 508, 509 (373 SE2d 292) (1988), this court cited the two-pronged test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), for ineffective assistance: (1) counsel's performance was deficient; and (2) this deficiency prejudiced the defense. Although *arguendo* appellant's representation may have been less than perfect, there is no indication in the record that the conduct of appellant's counsel met the *Strickland* criteria denoting ineffective assistance. A defendant is entitled not to perfect representation but to "reasonably effective assistance." See *Gabler v. State*, 177 Ga. App. 3, 6 (338 SE2d 469) (1985). The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed. *Griner v. State*, 192 Ga. App. 283 (384 SE2d 398) (1990). This enumeration is without merit.

2. In his second enumeration of error Anderson avers that the trial court erred by disregarding the paragraph of the amendment to his extraordinary motion for new trial in which he alleges that his first trial was originally set for January of 1989 but then was moved to December 14, 1988, thereby depriving him of adequate time to prepare his case, conduct the necessary investigation, and issue appropriate subpoenas ad testificandum.

The record shows that appellant was indicted April 13, 1988; entered a guilty plea June 10, 1988; withdrew his plea and filed a discovery motion October 26, 1988; was served by the State on November 28, 1988, with a copy of waiver of rights and statement, and on December 12 with a list of witnesses; and was tried on December 14, 1988. Thus appellee had known at least since October 26 that he would be tried and that his trial would occur within the foreseeable future; had known since April 13 the nature of the charges against him; had known since at least November 28 some of the evidence against him, and should have known since before his indictment who the witnesses might be expected to be. We find no merit in this enumeration.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990.

*Wayne L. Burnaine*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.