A91A0308. FOREMAN v. THE STATE.
(408 SE2d 178)

Pope, Judge.

Defendant King Foreman was convicted of possession of cocaine with intent to distribute and appeals. We affirm.

1. Defendant first argues the trial court erred in allowing his character to be placed in issue by the admission of testimony of similar transactions and other bad acts. We find this enumeration to be without merit. Although defendant argues that testimony was impermissibly admitted concerning "previous" drug transactions for which he was not charged, the record shows the only testimony to which he raised an objection related to drug transactions defendant had engaged in on January 2, 1989, the date alleged in the indictment. Clearly this testimony constituted evidence of the offense charged and was thus admissible. See, e.g., *Garrett v. State*, 188 Ga. App. 176 (2) (372 SE2d 506) (1988); *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58) (1987). Likewise, we cannot say that defendant was harmed by references to allegedly stolen property found in the apartment where defendant was arrested because the testimony of the arresting officer established that further investigation failed to reveal that the property was in fact stolen.

2. Defendant contends he is entitled to a new trial based on newly discovered evidence, to wit, the testimony of the manager of the apartments where defendant was apprehended. By definition, newly discovered evidence is evidence "that . . . has come to [the defendant's] knowledge since the trial . . . ." *Lipscomb v. State*, 194 Ga. App. 657, 659 (391 SE2d 773) (1990). The transcript from trial and the motion for new trial are replete with evidence that defendant knew about the witness at trial, if not prior to trial. Consequently, and pretermitting whether the defendant made the proper showing as to the other five requirements necessary to secure a new trial on this basis, see, e.g., *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980), defendant is not entitled to a new trial on the basis of newly discovered evidence. "Failure to show one [of the six] requirement[s] is sufficient to deny a motion for a new trial [urged on the

basis of newly discovered evidence]." Id. at 491.

3. Defendant also argues that his trial counsel was ineffective because he failed to file certain pre-trial motions, which, defendant argues, could have led to the discovery of the whereabouts of the apartment manager, who could have then testified at trial.

The transcript shows that trial counsel was not subpoenaed and did not testify at the motion for new trial; thus defendant's argument concerning whether trial counsel would have called the witness to testify at trial is mere conjecture. This court has repeatedly held that " '[t]rial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. (Cits.)' *Hosch v. State*, 185 Ga. App. 71, 72 (2) (363 SE2d 258) (1987). 'The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985). [Defendant] did not subpoena his trial counsel to appear at the hearing on his motion for new trial. Thus, [defendant] made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy." *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990). See also *Harris v. State*, 198 Ga. App. 503 (402 SE2d 62) (1991); *McCarthy v. State*, 196 Ga. App. 839, 841 (4) (397 SE2d 178) (1990); *Allsop v. State*, 196 Ga. App. 379, 381-382 (396 SE2d 47) (1990); *Balduf v. State*, 190 Ga. App. 233 (378 SE2d 409) (1989). "Although *arguendo* [defendant's] representation may have been less than perfect, there is no indication in the record that the conduct of [his] counsel met the *Strickland [v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)] criteria denoting ineffective assistance. A defendant is entitled not to perfect representation but to 'reasonably effective assistance.' See *Gabler v. State*, 177 Ga. App. 3, 6 (338 SE2d 469) (1985). The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed. *Griner v. State*, 192 Ga. App. 283 (384 SE2d 398) (1990)." *Anderson v. State*, 197 Ga. App. 54, 55 (397 SE2d 557) (1990). " ' "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. (Cit.) The trial court's finding in the instant case is not clearly erroneous. . . ." ' " *Harris v. State*, supra at 503. Accord *Powell v. State*, 198 Ga. App. 509 (1) (402 SE2d 108) (1991).

4. Contrary to defendant's final enumeration of error on appeal,

the evidence was sufficient to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of the crime charged.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 10, 1991.

*Debra B. Randall*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Rebecca A. Keel, Assistant District Attorneys*, for appellee.