## A91A1801. HAMILTON v. THE STATE.
### (415 SE2d 196)

POPE, Judge.

Defendant Aaron Hamilton was convicted by a jury of selling cocaine. On appeal, he enumerates as error the general grounds.

The evidence, viewed in a light most favorable to the jury verdict, shows that late in the evening on December 29, 1989, Officer Shelley Manning, an undercover officer, drove to the parking lot of the Venezuela Club accompanied by a confidential informant. Defendant approached the officer's vehicle and sold her $20 worth of crack cocaine. Immediately after the transaction was consummated, the defendant identified himself as "Aaron," so the undercover officer would know whom to ask for the next time she purchased drugs. Later that evening, officer Manning made handwritten notes describing the defendant's physical characteristics, and the following day she identified the defendant in a photographic line-up. The officer made an in-court identification of the defendant at trial and never expressed any uncertainty throughout her testimony that the defendant was the individual from whom she had purchased drugs.

Defendant testified at trial that on the evening of December 29, 1989, he was inside the 511 Club when he was asked by the confidential informant to come outside and meet his new girl friend. Defendant left the club, approached Officer Manning's vehicle parked in the 511 Club's parking lot, and flirted with the undercover officer for a few minutes. Defendant denied selling drugs to the officer and contended that he must have been misidentified due to confusion resulting from the number of drug arrests the officer had made during a relatively short period of time.

" '(The appellate) court does not weigh the evidence on appeal or resolve conflicts in trial testimony. Rather it is the function of (the appellate) court to examine the evidence in the light most favorable to the verdict and to determine whether any rational trier of fact could have found the (defendant) guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979) . . . .' [Cits.]" *Hicks v. State*, 196 Ga. App. 25 (1) (395 SE2d 249) (1990). After a careful review of the record in this case, we find that a rational trier of fact could have found defendant guilty beyond a reasonable doubt of selling cocaine.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided January 31, 1992.

Clyde M. Urquhart, for appellant.
W. Glenn Thomas, Jr., District Attorney, L. Craig Fraser, C. Keith Higgins, Assistant District Attorneys, for appellee.