## A92A2253. EVANS v. THE STATE.
### (427 SE2d 837)

BLACKBURN, Judge.

Daryle Eugene Evans was tried before a jury and convicted of two counts of selling and distributing cocaine in violation of the Georgia Controlled Substances Act (OCGA § 16-13-1 et seq.). He appeals from the judgment entered on the jury's verdict of guilty.

1. Appellant enumerates the general grounds. The evidence adduced at trial established that on the night of February 2, 1991, Myra Mitchell was working in Polk County as an undercover agent with a multi-jurisdictional drug task force headed by GBI agent John Wakefield. Mitchell and a confidential informer were directed to go to locations the informer knew to be likely sites of drug activity and use cash supplied by the investigating officers to purchase drugs.

Mitchell testified that she and the informer arrived at Floyd's Tavern in the informer's car at about 11:30 p.m., and a man the informer addressed as "Johnny" approached them. She asked for crack cocaine and "Johnny" sold her a piece of crack for $40. Later in the evening, Mitchell and the informer returned to the same location and purchased $20 worth of crack cocaine from the same man. Mitchell testified that "Johnny's" face had been clearly illuminated by outdoor security lights and the car headlights, and she positively identified appellant as the man from whom she purchased the drugs.

Wakefield testified that he had observed these transactions from a parked car several hundred yards away and that he overheard the exchanges between Mitchell and the drug seller because Mitchell wore a concealed microphone. He confirmed Mitchell's description of the events, but could not identify appellant as the perpetrator because he never saw the man's face.

Appellant and the State stipulated to the chain of custody. A forensic chemist from the State Crime Lab testified that the substances Mitchell purchased tested positive for cocaine. Appellant did not testify.

We find this evidence sufficient to authorize a rational trier of fact to find appellant guilty of the charged offenses under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

LE2d 560) (1979). See *Hamilton v. State*, 202 Ga. App. 649 (415 SE2d 196) (1992). Although appellant contends Mitchell's identification of him was not credible, the question of a witness's credibility is for the jury to decide. *Cox v. State*, 197 Ga. App. 240, 241 (5) (398 SE2d 262) (1990). An appellate court does not consider the weight of the evidence or the credibility of witnesses, but determines only the sufficiency of the evidence. *Fitz v. State*, 201 Ga. App. 83, 85 (410 SE2d 186) (1991). Accordingly, the trial court did not err by denying appellant's motion for directed verdict.

2. In his remaining enumeration, appellant contends he received ineffective assistance of counsel at trial. At the hearing on this issue, appellant testified that he had two brief meetings and several short telephone conversations with trial counsel before trial, and that a good portion of these conversations was devoted to discussion of other charges pending against appellant in another county. Appellant also testified that he identified potential witnesses who could establish that he had never been known as "Johnny," but that counsel failed to investigate. Appellant listed as additional grievances the fact that counsel was late for court the day of trial and that counsel prevented him from testifying at trial.

At the hearing, trial counsel testified that he met several times with appellant and had numerous telephone conversations with him, and that he felt he had sufficient contact with appellant to prepare for trial. He denied that appellant had given him any names of potential witnesses. Counsel explained further that he discouraged appellant from testifying at trial because he was volatile and hard to control, and that appellant agreed with this decision.

Under the two-part test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant must show that (1) trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) that the defense was prejudiced by the deficient performance so that appellant was deprived of a fair trial. *White v. State*, 193 Ga. App. 428, 429-430 (2) (387 SE2d 921) (1989). As to the first prong, counsel's performance is assessed in light of the totality of the circumstances viewed from counsel's perspective at the time of trial, and appellant must "overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.]" (Punctuation omitted.) Id. at 430. With regard to the second prong of the *Strickland* test, appellant must show a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors. *White*, supra.

Our review of the trial transcript persuades us that appellant's counsel was well-versed in both the facts and the law applicable to

the case. He questioned the State's witnesses extensively on cross-examination, concentrating particularly on undermining Mitchell's identification testimony, and moved for a directed verdict at the close of the State's case. Although counsel did not call appellant to the stand or present any defense witnesses, his reasons for not calling appellant to testify reflect a reasonable trial strategy, see *Perkins v. State*, 260 Ga. 292, 294 (2b) (392 SE2d 872) (1990), and appellant has failed to identify a single potential witness he contends should have been consulted by counsel prior to trial.

" 'Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that [appellant] and his present counsel disagree with the decisions made by trial counsel does not require a finding that [appellant's] original representation was inadequate. (Cits.) Even if trial counsel's strategy was flawed, it was not sufficient to render his representation ineffective under the [standard set forth in *Strickland*].' [Cit.]" *White*, supra at 430. Consequently, we find appellant's claim of ineffective assistance to be without merit. See id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1993.

*Mundy & Gammage, George E. Mundy*, for appellant.

*W. A. Foster III, District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.