## 64854. CRAIG v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried, and convicted of the offense of trafficking in cocaine. Appellant appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellant asserts error in the trial court's refusal to permit defense counsel to ask prospective jurors the following questions during voir dire: "Have you or any of your children ever been a victim of a drug transaction?" "Has any member of your family ever had any problems with drugs?"

Code Ann. § 59-705 provides, in pertinent part, that in criminal cases, "counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror."

Although on voir dire, the trial judge has discretion to determine which questions are impermissible, *Hart v. State,* 137 Ga. App. 644 (224 SE2d 755) (1976), the failure of the trial court in the instant case to permit appellant's counsel to ask the above stated questions was an abuse of its discretion. The questions were clearly "touching any matter or thing which would illustrate any interest of the juror in the cause," and were specifically questions concerning a "fact or circumstance [which would indicate] any inclination, leaning or bias which the juror might have respecting the subject matter of the suit." Code Ann. § 59-705.

The state argues that appellant's questions were unnecessary because the state had previously asked two general questions as to whether any of the prospective jurors had any strong feelings about the use of drugs or exposure to the drug world which would prevent them from sitting as fair and impartial jurors. However, a question seeking to elicit, from an individual juror on his voir dire, specific facts or circumstances which are clearly within the purview of Code Ann. § 59-705 should not be proscribed simply because more general questions dealing with the same subject matter have been previously addressed to the entire panel of prospective jurors. The statute provides that "counsel for *either* party" shall have the right to question prospective jurors.

The questions asked on voir dire in the instant case are

distinguishable from the query found to be correctly disallowed in *Hill v. State,* 221 Ga. 65 (8) (142 SE2d 909) (1965). In *Hill,* the question prohibited by the trial court was whether the prospective juror placed any reliance on what he read in the newspaper. That question was found to be a general inquiry not dealing with the specific case. The questions in the instant case, however, sought to discover any bias the prospective juror might have had concerning the specific subject matter of the case. Therefore, we find that appellant's questions were proper under Code Ann. § 59-705 and the trial court erred in not allowing defense counsel to propound them to the jurors.

2. Reversal for the reasons stated in Division 1 of this opinion renders consideration of the remaining enumerations of error unnecessary as they deal with matters not likely to recur on a new trial.

*Judgment reversed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 18, 1983.

*William C. Puckett, Jr.,* for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.