70646. MITCHELL v. THE STATE.
(335 SE2d 150)

CARLEY, Judge.
Appellant was tried before a jury and found guilty of two counts of kidnapping, one count of rape, and two counts of aggravated assault. He appeals from the judgments of conviction and sentences entered on the jury verdicts.

1. The general grounds are enumerated. Insofar as appellant predicates his argument upon the lack of credibility of the State's witness, "[t]he determination of the credibility of a witness, including the accuracy of an eyewitness' identification, is a matter exclusively

within the jury's province. [Cits.]" *Jones v. State*, 232 Ga. 762, 764 (208 SE2d 850) (1974). "In this instance the jury, obviously, chose to believe the [S]tate's witnesses." *Redd v. State*, 154 Ga. App. 373 (1) (268 SE2d 423) (1980). Insofar as appellant attacks the sufficiency of the State's evidence to demonstrate his guilt of the crime of rape, "the testimony of the . . . victim is, as in other crimes, sufficient of itself if believed and if legally adequate to sustain the conviction of rape. . . . [The victim in the instant case] testified with particularity that there was penetration[, forcibly and against her will]. . . . It is not necessary that the examining physician find semen in the victim's body. [Cit.]" *Perry v. State*, 154 Ga. App. 385-386 (268 SE2d 747) (1980). "The evidence here is clearly sufficient to support the verdict[s] and our review of the entire record compels our conclusion that a rational trior of fact could reasonably have found from the evidence proof of the guilt of appellant beyond a reasonable doubt. [Cits.]" *Redd v. State*, supra at 373 (1).

2. Relying in part on *Ham v. South Carolina*, 409 U. S. 524 (93 SC 848, 35 LE2d 46) (1973), appellant enumerates as error the refusal of the trial court to allow the following question to be asked during voir dire: "[T]he accused is a black man. The two alleged victims in this case are white females. With that on your mind, is there anyone that would have any prejudice, bias, or leaning against [appellant] simply because he is black?"

In *Ristaino v. Ross*, 424 U. S. 589, 596-597 (96 SC 1017, 47 LE2d 258) (1976), the Supreme Court of the United States held: "By its terms *Ham* did not announce a requirement of universal applicability. Rather, it reflected an assessment of whether under all of the circumstances presented there was a constitutionally significant likelihood that, absent questioning about racial prejudice, the jurors would not be as 'indifferent as [they stand] unsworne.' [Cit.] . . . The circumstances in *Ham* strongly suggested the need for *voir dire* to include specific questioning about racial prejudice. Ham's defense was that he had been framed because of his civil rights activities. His prominence in the community as a civil rights activist, if not already known to veniremen inevitably would have been revealed to the members of the jury in the course of his presentation of that defense. Racial issues therefore were inextricably bound up with the conduct of the trial [in *Ham*]. . . . The mere fact that the victim of the crimes alleged [is] white . . . and the [defendant is not] [is] less likely to distort the trial than were the special factors involved in *Ham*."

When the question in the instant case was initially propounded by appellant, the State raised an objection based upon *Ristaino v. Ross*, supra. The trial court gave appellant's counsel an opportunity to respond to the State's invocation of the *Ristaino v. Ross* decision. Appellant's counsel did not point to "racial factors such as existed in

*Ham* or others of comparable significance. In these circumstances, the trial [court] acted within the Constitution in determining that the demands of due process could be satisfied by [its] more generalized but thorough inquiry into the impartiality of the veniremen." *Ristaino v. Ross*, supra at 598. Accordingly, there was no constitutional error in the instant case.

3. This does not end our inquiry, however. Appellant is also afforded certain rights under the statutes of this State. The right in criminal cases to examine each prospective juror in order to secure an impartial jury is set out in OCGA § 15-12-133, which provides in relevant part: "In the examination, the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate *any interest of the juror in the case, including . . . any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the* subject matter of the action or the counsel or *parties thereto. . . .*" (Emphasis supplied.) "It should be kept in mind that the larger purpose of [this] Code section is to enable counsel to identify those prospective jurors counsel desires to remove from the panel by use of peremptory strikes as opposed to challenges for cause." *Henderson v. State*, 251 Ga. 398, 399-400 (306 SE2d 645) (1983).

Although control of voir dire examination is normally within the discretion of the trial court, it has been held that the defendant in a criminal case has an absolute right to have his prospective jurors questioned as to those matters specified in OCGA § 15-12-133. *Craig v. State*, 165 Ga. App. 156 (299 SE2d 745) (1983). "Hence, it [is] reversible error for the trial court to refuse permission to appellant's counsel to ask such questions of each juror, for such ruling denie[s] appellant a substantial right granted him by statute. [Cits.]" *Cowan v. State*, 156 Ga. App. 650, 651 (275 SE2d 665) (1980). It has also been held that OCGA § 15-12-133 encompasses questions regarding possible racial prejudice and bias, even when such questioning would not be constitutionally required. See *Tucker v. State*, 249 Ga. 323, 327-328 (290 SE2d 97) (1982). Accordingly, we hold that appellant had a statutory right to ask the question disallowed in the instant case, as it related to the subject of "bias which the juror[s] might have respecting" him. OCGA § 15-12-133.

"[W]here a defendant in a criminal case has been deprived of his or her rights under OCGA § 15-12-133 . . . to examine prospective jurors on voir dire, the burden is on the [S]tate to show that the error was harmless. [Cits.] This holding applies even though the defendant did not exhaust his or her peremptory strikes." *Henderson v. State*, supra at 403. The State makes no contention that the error in the instant case was harmless. Accordingly, appellant's conviction must be reversed.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 13, 1985.

*Dwight H. May*, for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney*, for appellee.