## 43259. LEGARE v. THE STATE.
### (348 SE2d 881)

HUNT, Justice.

This is the third appearance of this death penalty case on direct appeal. See *Legare v. State*, 250 Ga. 875 (302 SE2d 351) (1983); *Legare v. State*, 243 Ga. 744 (257 SE2d 247) (1979). The facts of the

case are essentially as set forth in *Legare v. State*, supra, 243 Ga. at 744-45.

Legare's conviction and death sentence were affirmed on the first direct appeal. Subsequently, habeas relief was granted with respect to the death sentence, and a resentencing trial was conducted. On appeal, this court reversed on the ground that the jury had been instructed incorrectly.

After a second retrial as to sentence, Legare has again been sentenced to death.[1] The issue dispositive of this appeal concerns the conduct of the voir dire proceedings, specifically, the court's refusal to allow defense voir dire on the issue of racial bias. We find the trial court's refusal to have been erroneous, and we reverse.

1. In *Turner v. Murray*, 476 U. S. ___ (106 SC 1683, 90 LE2d 27) (1986), the United States Supreme Court held that a defendant accused of an interracial capital crime is entitled to have prospective jurors informed of the victim's race and to question them on the issue of possible racial bias. To what extent *Turner v. Murray* will apply retroactively is an open question. We need not answer it here.

"Appellant is also afforded certain rights under the statutes of this State. The right in criminal cases to examine each prospective juror in order to secure an impartial jury is set out in OCGA § 15-12-133, which provides in relevant part: 'In the examination, the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate *any interest of the juror in the case, including . . . any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the* subject matter of the action or the counsel or *parties thereto. . . .*' [Emphasis supplied.] 'It should be kept in mind that the larger purpose of (this) Code section is to enable counsel to identify those prospective jurors counsel desires to remove from the panel by use of peremptory strikes as opposed to challenges for cause.' *Henderson v. State*, 251 Ga. 398, 399-400 (306 SE2d 645) (1983).

"Although control of voir dire examination is normally within the discretion of the trial court, it has been held that the defendant in a criminal case has an absolute right to have his prospective jurors questioned as to those matters specified in OCGA § 15-12-133. *Craig v. State*, 165 Ga. App. 156 (299 SE2d 745) (1983). 'Hence, it (is) reversible error for the trial court to refuse permission to appellant's counsel to ask such questions of each juror, for such ruling denie(s)

---

[1] The jury returned its sentencing verdict December 1, 1984. Legare filed a motion for new trial December 28, 1984, and an amendment thereto on September 5, 1985. The motion was heard September 6, 1985, and denied December 31, 1985. The case was docketed in this court March 3, 1986, and orally argued May 20, 1986.

appellant a substantial right granted him by statute. (Cits.)' *Cowan v. State*, 156 Ga. App. 650, 651 (275 SE2d 665) (1980).[2] It has also been held that OCGA § 15-12-133 encompasses questions regarding possible racial prejudice and bias, even when such questioning would not be constitutionally required. See *Tucker v. State*, 249 Ga. 323, 327-328 (290 SE2d 97) (1982)." *Mitchell v. State*, 176 Ga. App. 32, 34 (335 SE2d 150) (1985).

The trial court erred by refusing to allow defense voir dire on the question of possible racial bias. "We do not find that the state has shown that it is 'highly probable' that the limitation on voir dire was harmless error. [Cit.]" *Henderson v. State*, supra at 403. We must therefore reverse.

2. Regarding enumerations 16 and 17, see Division 4 of *Legare v. State*, 250 Ga. 875, supra.

3. The evidence is sufficient to allow a finding of the § b (7) aggravating circumstance. OCGA § 17-10-30 (b) (7). See *Spraggins v. State*, 255 Ga. 195 (336 SE2d 227) (1985).

4. The remaining enumerations of error depend upon a factual-procedural context that is mooted by our reversal. Similar issues that might arise if this case is retried as to sentence can be dealt with if and when they are raised on the retrial.

*Sentence reversed. All the Justices concur.*

DECIDED OCTOBER 7, 1986.

*Spivey, Herrington, Yawn & Wingfield, Larry S. Herrington, T. Dorsey Yawn, Sutherland, Asbill & Brennan, John H. Fleming, Mathis & Coates, Charles A. Mathis, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, William B. Hill, Jr., Senior Assistant Attorney General,* for appellee.

---

[2] To the extent that *Cowan v. State*, supra, held that under OCGA § 15-12-133 the parties in a criminal case have a right to ask certain questions of each juror, that case has been overruled. In *State v. Hutter*, 251 Ga. 615, 617 (307 SE2d 910) (1983) we held that OCGA § 15-12-133 gives a right to parties in a criminal case to ask the questions authorized under that code section in such a manner as to assure an individual response from each juror, not individual questions of each juror.