## A90A0567. ROBERTS v. THE STATE.
(395 SE2d 54)

BEASLEY, Judge.

This case involves the scope of voir dire.

1. Defendant, a black man, was charged with rape (OCGA § 16-6-1), aggravated assault (OCGA § 16-5-21), terroristic threats and acts (OCGA § 16-11-37), and burglary (OCGA § 16-7-1) at the home and upon the person of a white widow who was age 75 at trial, eleven months after the event. The first trial ended in mistrial. At the beginning of the second trial, the State moved in limine "to prevent defense counsel from making racial remarks in either the jury selection process or during the trial." After the State explained its motion, opposing counsel responded that defendant had a right to individual examination in such manner as might unearth, illustrate, or indicate any racial inclination, leaning, prejudice, or bias which a prospective juror might have. He cited OCGA § 15-12-133, cases applying it, and, with respect to Federal Constitutional rights, several United States Supreme Court cases.

In reply to the court's inquiry, counsel posed the question he wanted to ask: "The accused is a black man, the alleged victim in this case is a white female. With that on your mind is there any one that would have any prejudice, bias or leaning against the defendant simply because he is black?"

The State suggested that the general statutory questions put by the court would adequately cover the matter if race were included in the question as to bias. The court agreed to ask the general question with the addition of calling attention to the fact that "there is black involved and there is white involved" but ruled that defendant's counsel could not ask whether a prospective juror was prejudiced because defendant is black and the victim is white.

After much discussion, the court indicated that it would include the race reference in the general question regarding bias and that, based on *Legare v. State,* 256 Ga. 302 (348 SE2d 881) (1986), it would restrict defendant's race bias related questions to whether any juror

held the opinion that a white police officer would be more likely to tell the truth than a black defendant. Defendant acknowledged appreciation for that permission but reiterated his objection to the limitation on voir dire questions as to race.

The statutory question was not enlarged to specifically mention race.

When defendant's counsel questioned the panel, he abided by the court's rulings. He asked the question concerning white police officer versus black defendant credibility. The only other question touching on race was whether any prospective juror was a member of the Ku Klux Klan, Black Panthers or Neo-Nazis. There were no responses to either question.

On appeal, defendant contends that the court interfered in limiting the latitude of his voir dire on the issue of racial bias. Applying the Supreme Court's interpretation of the breadth of the right contained in OCGA § 15-12-133, as summarized in the *Legare* case, supra, he is correct. The right which the statute gives has wider girth than the trial court allowed defendant to exercise. The manner by which he deemed he could best uncover racial bias is not outside the broad boundaries. While we cannot say that the direct frontal question as formulated by defendant would have been effective for the purpose, neither can we say that his technique would have failed.

The question he was permitted to ask addressed possible prejudice as to witness credibility; it did not address "any inclination, leaning, or bias" which a juror might have because of the fact and circumstance that the defendant was a black male and the victim an elderly white widow. Neither would the non-specific statutory question likely evoke an admission in so sensitive a realm of attitude.

As in *Legare*, we cannot conclude that the limitation was harmless error.

There being a reversible statutory violation, we do not address the matter of constitutional rights. See *Taylor v. State*, 177 Ga. App. 624, 628 (3) (340 SE2d 263) (1986).

2. No argument was presented with respect to the second enumerated error regarding jury charge, so it is considered abandoned. Rule 15 (c) (2).

*Judgment reversed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

I must respectfully dissent to the majority opinion. The trial transcript reveals that defense counsel was permitted at the close of voir dire to ask the entire array of prospective jurors the following question: "In your opinion would a white police officer be more likely

to tell the truth than a black defendant, Mr. Roberts here? Do any of y'all believe that?" The record indicates that there was no response — affirmative, negative, or otherwise — to this question.

Appellant contends that OCGA § 15-12-133 confers upon a criminal defendant the right to question individual prospective jurors regarding "any inclination, leaning or bias" which that person might have that would possibly influence his or her verdict, and that the court's exercising its discretion in limiting the number and nature of questions concerning possible racial prejudice violated this statute. Specifically, defense counsel wished to attempt to expose any such prejudice by asking a question concerning a white female victim and a black male defendant. The record shows that counsel was permitted to undertake to do this by questioning extensively each individual member of the array concerning familial, social, fraternal (including Ku Klux Klan and Neo-Nazi), and other possible associations with defendant, counsel, witnesses, and judicial and law enforcement personnel, and that those giving answers which might even remotely suggest any bias were noted and eliminated from the jury panel. Additionally, according to the trial transcript, defense counsel asked the question quoted above at the end of voir dire, without attempting to ask further questions aimed at exposing racial bias.

I am unable to see this alleged limitation upon the questioning of jurors as improper or as causing any prejudice to the defendant/appellant, or as violating any right given by the Constitutions or statutes of the United States or of Georgia. Moreover, I find no conflict between the trial court's ruling and the holding in *Legare v. State*, 256 Ga. 302 (348 SE2d 881) (1986), relied upon by the majority.

I must therefore respectfully dissent.

DECIDED MAY 30, 1990.

*Jerry M. Daniel*, for appellant.
*J. Lane Johnston, District Attorney, Rene J. Martin III, Assistant District Attorney*, for appellee.

