## A92A0714. ALLEN v. THE STATE.
(416 SE2d 869)

McMurray, Presiding Judge.

Defendant Allen was charged by indictment with two counts of rape, single counts of aggravated sodomy and aggravated assault, and two counts of false imprisonment. A jury acquitted defendant of the rape and aggravated sodomy charges, but convicted him of the aggravated assault and false imprisonment charges. Defendant appeals his

conviction of aggravated assault and two counts of false imprisonment. *Held:*

1. Defendant's first enumeration of error contends that the verdicts are inconsistent. While defendant acknowledges the abolishment of the inconsistent verdict rule in *Milam v. State,* 255 Ga. 560, 562 (2) (341 SE2d 216), and that the acquittal on the rape and aggravated sodomy charges do not preclude the findings of fact necessary for the convictions for aggravated assault and false imprisonment under a res judicata theory, he contends that the convictions should be overturned because they are repugnant to, or inconsistent with the acquittals. This, of course, is entirely a matter of semantics as the argument which defendant makes is, in essence, indistinguishable from the inconsistent verdict rule. In any event, application of the principle that a jury is entitled to believe a part of the testimony of a witness and disbelieve other parts is sufficient to sustain a jury's verdict. See *Hines v. State,* 254 Ga. 386, 387 (329 SE2d 479). This enumeration of error is without merit.

2. Defendant also contends that there was a fatal variance between proof and indictment with respect to the instrumentality used to accomplish the aggravated assault. However, no issue as to an alleged variance was raised before the trial court. Thus, this issue is not preserved for appellate review. *Walker v. State,* 113 Ga. App. 526, 527 (1) (149 SE2d 153). See also *Lewis v. State,* 198 Ga. App. 808, 809 (2) (403 SE2d 233); *Truelove v. State,* 198 Ga. App. 14 (2) (400 SE2d 396).

Insofar as this enumeration of error may raise an issue as to the sufficiency of the evidence to authorize defendant's conviction of aggravated assault, it is meritless. A rational trier of fact could reasonably have found from the evidence adduced at trial proof of defendant's guilt beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1992.

*Sinnreich & Francisco, John R. Francisco,* for appellant.
*Willis B. Sparks III,* District Attorney, *Charles H. Weston, Thomas J. Matthews,* Assistant District Attorneys, for appellee.