## A94A0271. WHEELER v. THE STATE.
(442 SE2d 906)

ANDREWS, Judge.

Wheeler, convicted of possession of marijuana, appeals.

1. Wheeler alleges the general grounds, contending that the evidence was insufficient. Viewed in favor of the jury's verdict, the evidence was that Rantz had been hospitalized with Wheeler's brother, who suffered from schizophrenia. Rantz, who served as a confidential informant for undercover officer Potts, contacted her in August 1991 and said "Otis" was looking for some marijuana. Wheeler's middle name was Leotis. Rantz and Potts shared a beeper number which Otis called. Rantz and Potts then called back and arranged for the sale of a pound of marijuana. Since Wheeler had never met Rantz, undercover officer Kelley assumed that identity and took the pound of marijuana to a parking lot at a beauty school to await Potts and Wheeler.

Potts met Wheeler and Warren at a shopping center at 12:30 a.m. Potts was asked about Rantz and told them to follow her to meet Rantz, which they did. They arrived at the second location, which was crowded with cars parking for a nearby nightclub. Kelley approached the car and was asked by Wheeler if he had the "stuff." Wheeler further informed Kelley that he was "loaded," which indicated he was armed. A .357 magnum was found under the front seat armrest.

At this point, a white pickup truck came too close to the scene and Wheeler became agitated. He directed Kelley to go to a nearby service station. There, Kelley parked behind the station and waited. Wheeler walked to his car and told him to pull up to the gas pumps where Warren's car was parked and they would appear to be getting gas. Wheeler was standing outside the car with the hood up and Warren was in the driver's seat. Wheeler told Kelley to hand the stuff to Warren, which he did. Wheeler told Warren to check and make sure the stuff was okay. Warren handed Kelley a bag containing $1,800. At this point, the takedown signal was given and both men were arrested. Wheeler stated that they did not have him "in possession of anything."

Wheeler testified and said that he had talked to Rantz, but the discussion was only about Rantz bringing him some videotapes. At one point, Wheeler said the tapes were about the veterans' hospital. Later, he said they were pornographic and he was going to sell them. He said he knew nothing about the money. There being evidence sufficient to convince any rational trier of fact of the existence of the essential elements of the crime, this enumeration is without merit. *Jackson v. Virginia*, 443 U. S. 307, 310 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

2. In his first and fourth enumerations, Wheeler contends that his

trial counsel was ineffective and these enumerations will be considered together. Wheeler contends the trial court denied him effective assistance of counsel by improperly limiting cross-examination of police officer Kelley and that failure of counsel to file a *Brady* motion was ineffective assistance.

This issue was raised below by new appellate counsel in the motion for new trial. A hearing was conducted, although trial counsel was not subpoenaed and did not testify. No other evidence was offered by Wheeler.

With regard to Kelley's cross-examination, counsel had asked Kelley "[a]re you aware of what [Rantz, the informant] got out of this?" Kelley responded "[n]o sir, I'm not. He's not my informant so I would not be privy to that." Counsel then attempted to ask what was "traditional" and how Kelley paid his own informants. The court sustained the objection that this was irrelevant to what Rantz had been paid. Pretermitting the issue of whether objection to any alleged curtailment was preserved, we find no error. " ' "[T]he trial court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused." ' " (Citations omitted.) *Horton v. State*, 206 Ga. App. 242, 243 (1) (424 SE2d 882) (1992).[1]

With regard to whether the failure to file a *Brady* motion was error, " '[e]ffectiveness is not judged by hindsight or by the result. . . . [T]he fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. (Cits.)' *Hosch v. State*, 185 Ga. App. 71, 72 (2) (363 SE2d 258) (1987)." *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

Here, because trial counsel did not testify, there has been no affirmative showing that the alleged deficiencies in performance were not examples of a trial strategy. The burden is on the party alleging error to show it affirmatively by the record. Id. " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. (Cit.) The trial court's finding in the instant case is not clearly erroneous.' " *Harris v. State*, 198 Ga. App. 503 (402 SE2d 62) (1991). See *Johnson v. State*, 260 Ga. 159 (391 SE2d 113) (1990).

3. Finally, Wheeler alleges error in the trial court's failure, upon oral request, to instruct the jury on the defense of entrapment.

Unless the issue of entrapment is injected into the case by the

---

[1] Neither did this violate OCGA § 24-9-64, as argued in the second enumeration. *White v. State*, 253 Ga. 106 (317 SE2d 196) (1984).

State's evidence, denial by a defendant that he committed the crime precludes the entrapment defense. *Bell v. State*, 208 Ga. App. 337 (430 SE2d 777) (1993). Here, there was no such suggestion in the State's evidence and Wheeler steadfastly denied that he had intended to purchase drugs. Therefore, no instruction on entrapment was required. Compare *Gregoroff v. State*, 248 Ga. 667 (285 SE2d 537) (1982).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MARCH 29, 1994.

*David J. Grindle*, for appellant.

*Douglas C. Pullen, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.