A94A1554. WALKER v. THE STATE.
(449 SE2d 322)

BLACKBURN, Judge.

Following a trial by jury, the appellant, John Henry Walker, was convicted of one count each of child molestation, enticing a child for indecent purposes, and statutory rape. All of the offenses involved the daughter of Walker's live-in girl friend. The trial court denied his motion for new trial, and this appeal followed.

1. Walker asserts that the trial court erred in failing to charge the jury on circumstantial evidence as requested. The record reflects that no request was made by Walker for such instruction, however, the trial court did instruct the jury on circumstantial evidence. Accordingly, this argument presents nothing for appellate review. *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994).

2. Next, Walker maintains that the trial court erred in allowing the prosecution to question a character witness on Walker's prior federal convictions for possession of stolen mail and forgery of treasury

checks. The State maintains that a good faith showing is all that is required and since the questions were based upon NCIC reports, the requisite showing was made.

When a defendant objects to the prosecution's questioning of his character witnesses about offenses of which the State has not given notice under OCGA § 17-10-2, the prosecution is required to demonstrate that the questions were asked in good faith, and based on reliable information that can be supported by admissible evidence. *Christenson v. State*, 261 Ga. 80 (8) (c) (402 SE2d 41) (1991). This Court has held that NCIC reports are reliable. See generally *Paxton v. State*, 160 Ga. App. 19 (1) (285 SE2d 741) (1981) (NCIC reports recognized as reliable enough to establish probable cause for a warrantless arrest). Consequently, the prosecution in this case demonstrated that the questions were asked in good faith and based upon reliable information.

3. Walker, an African American, enumerates as error the alleged refusal of the trial court to allow the following to be asked on voir dire: "Are you racially biased towards blacks in any way?" The record reflects that defendant asked this question of a juror, who responded: "No." Without an objection being stated by the State to the question and answer, there followed a discussion between the court and defendant's attorney in which the court stated: "I don't think you can raise the race issue. . . . Get the law and show it to me then. . . . Well, get it and show it to me now." Defendant did not provide the requested authority, nor did he ask the question of any other juror.

The trial court did not strike the answer, but rather stated: "If you can show me some law then I'll go back and let you do it." The only time defendant asked the subject question it was in fact answered and he never sought to ask it again. Under similar circumstances, it was recently held in *Dean v. State*, 211 Ga. App. 28 (438 SE2d 380) (1993), that defense counsel's acquiescence during voir dire resulted in a waiver of the issue on appeal. There, upon counsel asking a potential juror about religious preference, the trial court commented, "Counsel, I'm not sure that's relevant. . . . Do you have any other questions?" Id. at 29. Defense counsel proceeded to another question and it was held that he had waived any objection because the trial court's comments were in the nature of a question or an invitation to discussion rather than a sua sponte ruling.

OCGA § 15-12-133 provides, in part, "[i]n the examination, the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate *any interest of the juror in the case, including . . . any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the* subject matter of the action or the counsel or *parties thereto.*" (Emphasis supplied.) Georgia law pro-

tects the right of the parties to secure an impartial jury, free of racial prejudice and the question should have been allowed. *Legare v. State*, 256 Ga. 302 (348 SE2d 881) (1986).

Under the facts of this case however, Walker had a fair and adequate opportunity during voir dire to explore the prospective jurors' possible racial bias. As a part of the statutory questioning the jurors had been asked without affirmative response: "Have you any prejudice or bias resting on your mind either for or against the accused?" On voir dire, defendant asked if the venire socialized with blacks, if they employed blacks in their home, if they worked with blacks, if they supervised blacks or worked as peers, if they or their spouses belonged to any discriminatory fraternal, religious or social organizations and what type of bumper stickers or flags they displayed on their cars. The broad leeway allowed by the trial court distinguishes this case from *Legare*, supra, and *Craig v. State*, 165 Ga. App. 156 (299 SE2d 745) (1983).

As Judge Birdsong pointed out in a concurring opinion in *Sanders v. State*, 204 Ga. App. 37 (419 SE2d 24) (1992), counsel was not precluded from making further inquiry or from rewording and repositing his original question to the jury. In the present case, Walker's counsel did reword his inquiry to ask the questions listed above.

Control of individual voir dire is within the sound legal discretion of the trial court and should not be disturbed on appeal absent manifest abuse. *Lawton v. State*, 191 Ga. App. 116 (381 SE2d 106) (1989). Any error of the trial court in putting a chill upon defendant's right to ask the subject question during voir dire as authorized by OCGA § 15-12-133, was harmless error under the facts of this case. *Walker v. State*, 258 Ga. 443 (370 SE2d 149) (1988); *Lawton v. State*, supra.

4. The evidence of defendant's guilt was amply established by the record. The victim positively identified the defendant as being the person who molested her on a regular basis from age six to ten. The victim cited in graphic detail numerous different incidents wherein the defendant performed digital and penile penetration as well as ejaculation on her body. Dr. Karen Stuart, a physician qualified as an expert in examination of sexually molested children, testified that the victim's hymen had scar tissue which evidenced past tears. The age of the hymenal scarring as well as its appearance was entirely consistent with the victim's report. The victim's reported bleeding on a bed sheet after one incident with the defendant was corroborated by the victim's mother, who recalled finding the bloody spot. Even the victim's mother expressed her reluctance to leave defendant alone with the victim for fear of abuse. The defendant's explanation that the bleeding was caused by the victim falling on a bicycle handlebar was medically impossible, according to Dr. Stuart. Ample evidence established defendant's opportunity to abuse the victim, whose mother left

her alone with defendant frequently. The victim gave consistent details of the abuse by defendant to her grandmother, social workers, police officers, and to the jury. The credibility of the witnesses is for the jury to determine as is the resolution of any conflicts in the testimony of witnesses. *Belins v. State*, 210 Ga. App. 259 (1) (435 SE2d 675) (1993); *Turner v. State*, 210 Ga. App. 328, 329 (1) (436 SE2d 66) (1993). Contrary to defendant's contentions, the evidence supported the verdict and was not contrary thereto. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 163 Ga. App. 896 (296 SE2d 185) (1982); *Rhodes v. State*, 168 Ga. App. 10 (308 SE2d 33) (1983).

5. Defendant enumerates as error the reference by the State during closing argument to the victim's emotional scarring and to a panel member who had stated during voir dire that she had been molested as a nine-year-old child. The trial court sustained defendant's objection to such remark and asked each juror if they could disregard the remark as instructed and every juror nodded affirmatively. Under such circumstances, it was not error for the trial court to deny defendant's motion for mistrial. *Schirato v. State*, 260 Ga. 170 (391 SE2d 116) (1990).

6. Lastly, defendant enumerates as error the failure of the trial court to merge the charge of child molestation with the charge of statutory rape. While child molestation may be a lesser included offense of statutory rape, where separate and distinct acts of molestation occur which are short of rape or where they occur at different locations or on different dates, no merger occurs. This is especially true where the dates are not made material averments in the indictment. *Shelton v. State*, 196 Ga. App. 163 (395 SE2d 618) (1990); *Jimmerson v. State*, 190 Ga. App. 759 (380 SE2d 65) (1989). This enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 5, 1994.

*Pete Quezada*, for appellant.
*Douglas C. Pullen*, District Attorney, *Martha M. Dicus*, Assistant District Attorney, *Jerry G. Croley, Jr.*, for appellee.