A94A2436. WALKER v. THE STATE.
(452 SE2d 580)

BLACKBURN, Judge.

In a three-count indictment, the appellant, Robert Walker (Walker), and his brother, John Henry Walker, were each charged with child molestation, enticing a child for indecent purposes, and statutory rape. Following a joint trial by jury, Walker was found guilty of child molestation and was acquitted of the other offenses. John Henry Walker was convicted of all three offenses and on appeal, his convictions were affirmed by this court. *Walker v. State,* 214 Ga. App. 777 (449 SE2d 322) (1994). The present appeal follows the trial court's denial of Walker's motion for new trial.

1. Contrary to Walker's assertions, the evidence of Walker's guilt of child molestation is amply supported by the record before us. The victim, who was 12 years old at the time of trial, is the daughter of John Henry Walker's former live-in girl friend. She positively identified Walker at trial as an individual who sexually abused her from the age of six until she was ten years old. The victim specifically recalled an incident in which Walker took her into a bedroom in his girl friend's home and had sexual intercourse with her. She also recounted another incident in which Walker led her up to her mother's bedroom and had sexual intercourse with her. Walker often stayed in the victim's home and had ample opportunity to sexually abuse her since the victim's mother frequently left her home alone.

The victim informed her grandmother, investigating officers, and social workers of Walker's specific acts of sexual abuse. Dr. Karen Stuart, an obstetrician/gynecologist with training and experience in examining molestation victims, testified that her medical findings following an examination of the victim's hymen were consistent with repeated penile penetration.

This evidence was more than sufficient to authorize a rational trier of fact to find Walker's guilt of the offense charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Johnson v. State,* 214 Ga. App. 531 (448 SE2d 274)

(1994).

We reject Walker's contention that his conviction is inconsistent with his acquittal of statutory rape and enticing a child for indecent purposes. As the Supreme Court held in *Dennis v. State*, 263 Ga. 257, 259 (3) (430 SE2d 742) (1993), "[c]onsistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." (Citations and punctuation omitted.) The Supreme Court abolished the inconsistent verdict rule in criminal cases in *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). See also *Smashum v. State*, 261 Ga. 248 (2) (403 SE2d 797) (1991). In addition, the acquittals on the statutory rape and enticing a child for indecent purposes charges do not preclude the findings of fact necessary to support a conviction for child molestation as a trier of fact could believe a part of a witness' testimony and discredit other parts. See *Allen v. State*, 203 Ga. App. 359 (1) (416 SE2d 869) (1992).

2. Next, Walker argues he was denied due process and his statutory right to a thorough and sifting cross-examination when the trial court limited his questioning of the victim. Walker's trial counsel asked the victim "[y]our mother used to see a lot of men, didn't she? The victim responded "[y]es." In response to the question that "[s]he had a lot of men around the house, didn't she?" the victim stated that her mother ran away from her grandmother. When Walker's trial counsel asked "[s]he did? [w]hy did she do that?" the prosecutor objected to this line of questioning on the ground that the testimony was not relevant to the issues presented. The trial court, by implication, sustained the objection, and instructed counsel to limit his questioning to the time period in which the alleged acts of sexual abuse occurred.

"The trial court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused." (Citation and punctuation omitted.) *Wheeler v. State*, 212 Ga. App. 638, 639 (442 SE2d 906) (1994). Under the circumstances, we find no abuse of discretion. Id. Consequently, Walker was not denied effective assistance of counsel based upon the limitations placed upon counsel's cross-examination of the victim.

3. Walker additionally argues that he was denied effective assistance of counsel because trial counsel failed to fully investigate the case, and failed to file *Brady* and other pre-trial motions. Walker raised this contention below in his amended motion for new trial. The transcript of the February 9, 1994, hearing shows that the trial court held an evidentiary hearing on Walker's motion and the denial of the motion was based upon all of the evidence and the record. The appellate record does not contain a copy of the transcript of that hearing.

"[W]e are unable to address this enumeration. . . . Absent a transcript, we must assume the ruling of the trial court is supported by the evidence." (Citation and punctuation omitted.) *Jackson v. State*, 205 Ga. App. 827, 829 (3) (424 SE2d 6) (1992).

4. Lastly, Walker, an African-American, maintains that the trial court committed reversible error when the court refused to allow Walker's trial counsel to inquire of any racial bias of the members of the venire against him. The trial court allegedly refused to allow the following question to be asked by John Henry Walker's defense counsel during individual questioning of the venire: "Are you racially biased towards blacks in any way? The juror responded: "No." As the State attempted to comment on the question, John Henry Walker's counsel stated that the question was proper. The trial court instructed counsel to show him authority supporting such questioning as the trial judge did not believe that the question was proper. The appellate record does not show that Walker's trial counsel posed this or any similar question to any juror.

Under OCGA § 15-12-133, counsel for either party has the right to inquire of individual jurors concerning matters which would illustrate any interest of the juror in the case, including any fact indicating any inclination, leaning, or bias respecting any party. Pretermitting whether this issue was properly preserved by Walker for appellate review, the question should have been allowed. *Walker*, supra. See also *Legare v. State*, 256 Ga. 302 (1) (348 SE2d 881) (1986). However, as we held in *Walker*, supra, Walker had a fair and adequate opportunity during voir dire to explore the potential juror's racial bias, and counsel had an opportunity to obtain information on any potential juror's racial bias from the questions posed by co-defendant's counsel during individual voir dire. Id. As we noted in *Walker*, the jurors were asked the following as a part of the statutory questioning without an affirmative response: "Have you any prejudice or bias resting on your mind either for or against the accused?" In addition, John Henry Walker's counsel specifically asked members of the venire if they socialized with blacks, if they employed blacks in their home, if they worked with blacks, and if they supervised blacks or worked with them as peers. Id. John Henry Walker's counsel also asked the members of the venire if they or their spouses belonged to any discriminatory fraternal, religious, or social organizations and what type of bumper stickers or flags they displayed on their cars. "The broad leeway allowed by the trial court distinguishes this case from *Legare*, supra, and *Craig v. State*, 165 Ga. App. 156 (299 SE2d 745) (1983)." *Walker*, supra at 779.

Control of individual voir dire is within the sound discretion of the trial court. Id. Under the facts of this case, any error of the trial court in putting a chill upon defendant's right to ask the specific

question in issue was harmless. Id.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 19, 1994.

*David J. Grindle,* for appellant.
*Douglas C. Pullen, District Attorney, Martha M. Dicus, Mark C. Post, Assistant District Attorneys,* for appellee.