## A97A2021. CHERRY v. THE STATE.
### (496 SE2d 764)

SMITH, Judge.

Michael Cherry was indicted by a Cherokee County grand jury on one count of sale of cocaine and one count of possession of cocaine with intent to distribute. OCGA § 16-13-30 (b). He was convicted by a jury, and his motion for new trial was denied. Cherry's motion for an out-of-time appeal was granted by the trial court, and he appeals.[1]

1. Cherry, an African-American, complains that he was not permitted to ask a specific question on voir dire regarding possible racial bias of the members of the venire. He asked the potential jurors if anyone had "[f]ormed or expressed an opinion that most of the guys that are arrested, because they are young black males, that they are guilty?" The State objected to this question as calling for an opinion on the ultimate issue in the case, and the trial court sustained the objection.[2]

OCGA § 15-12-133 provides for a broad scope of examination "touching any matter or thing which would illustrate any interest of the juror in the case, including . . . any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto." Questioning concerning potential racial prejudice generally should be allowed. *Legare v. State*, 256 Ga. 302, 303-304 (348 SE2d 881) (1986). Cherry relies upon *Mitchell v. State*, 176 Ga. App. 32 (335 SE2d 150) (1985), to assert error in the trial court's refusal to allow his question. But unlike the question posed in *Mitchell*, which inquired generally about "any prejudice, bias, or leaning against" the defendant because of his race, see id. at 33 (2), Cherry's proposed question appeared to seek an opinion as to guilt or innocence based at least in part on the facts of his case. Such questions are forbidden on voir dire. *Pinion v. State*, 225 Ga. 36, 37 (4) (165 SE2d 708) (1969)

---

[1] Cherry was convicted in 1993 and obtained permission to file an out-of-time appeal in 1994, but the transcript was not prepared until 1997. In 1995, Cherry was paroled. But this does not moot the appeal, because the balance of his sentence is to be served on parole until 2008 and the conditions attached to his parole could result in reconfinement if violated. See *Morgan v. Kiff*, 230 Ga. 277 (196 SE2d 445) (1973), overruled on other grounds, *Jacobs v. Hopper*, 238 Ga. 461, 463 (233 SE2d 169) (1977).

[2] The State is incorrect in its assertion that appellant was required to make further exception to the trial court's adverse ruling in order to preserve the issue for appeal. *Stone v. State*, 177 Ga. App. 750, 752 (4) (341 SE2d 280) (1986).

(question as to belief in innocence of defendant improper); *Stell v. State*, 210 Ga. App..662 (1) (436 SE2d 806) (1993) (hypothetical question seeking response which might amount to prejudgment of the case improper).

"Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion." (Citations and punctuation omitted.) *Waters v. State*, 248 Ga. 355, 363 (3) (283 SE2d 238) (1981).

But even if we assume the question was a proper one and should have been permitted, the action of the trial court in forbidding this single question was harmless error in light of the other questions to the venire which explored the issue of possible racial bias. The statutory questions included asking if any juror had formed or expressed an opinion regarding Cherry's guilt or innocence, had any prejudice or bias for or against him, or was not perfectly impartial between the State and the accused. Immediately before the question objected to, Cherry's counsel asked, "Has anyone formed or expressed an opinion just because the defendant is black that this — and this is, naturally, a drug case — formed or expressed an opinion about that?" After noting that "a lot of press is given to black males such as Mr. Cherry," counsel also asked, "as far as drug sales and drug use goes, has anyone formed or expressed an opinion because of this press publicity that they might see on television or radio or hear about it in the newspaper?" Later, Cherry's counsel asked, "[A]nyone on the panel expressed or formed an opinion to Michael Cherry because of his race, black?" and "[A]nyone on the panel expressed or formed an opinion because of the adverse publicity or the negative publicity of the press regarding black males dealing with drugs?" None of these questions elicited a response from any potential juror.

Like the defendant in *Walker v. State*, 214 Ga. App. 777, 778-779 (3) (449 SE2d 322) (1994), Cherry "had a fair and adequate opportunity during voir dire to explore the prospective jurors' possible racial bias. . . . The broad leeway allowed by the trial court distinguishes this case from *Legare*, supra, and *Craig v. State*, 165 Ga. App. 156 (299 SE2d 745) (1983)." Id. at 779 (3). In both those cases, the trial court erred in prohibiting the defense from asking a series of questions on a particular issue, effectively preventing any inquiry on that topic. Here, Cherry asked a number of similar and somewhat repetitive questions. Any error in simply forbidding one of a series of such questions was harmless under the facts of this case. Id.; see also

*Walker v. State*, 215 Ga. App. 790, 792-793 (4) (452 SE2d 580) (1994).

2. Cherry also asserts as error the trial court's denial of his motion to suppress evidence obtained during a search of the Casadena Restaurant pursuant to a warrant. But Cherry has no standing to complain of the search, because he was a mere visitor to the restaurant at the time the search warrant was executed.

The evidence reveals that the restaurant was owned and operated by two named individuals other than Cherry. Cherry acknowledges that he was merely a patron of the restaurant and does not allege any interest in the premises. "As a mere visitor he had no expectation of privacy in the premises of another, where he had neither a proprietary nor a possessory interest." (Citations and punctuation omitted.) *Delgado v. State*, 192 Ga. App. 356, 357 (384 SE2d 680) (1989) (visitor to another's motel room). See also *Sims v. State*, 251 Ga. 877, 882-883 (311 SE2d 161) (1984) (no expectation of privacy in open box on floor of storage area in spouse's business "to which an undetermined number of persons have access"); *Todd v. State*, 184 Ga. App. 750, 751-752 (2) (362 SE2d 400) (1987) (no standing to object to search of mother's farm property).

3. Cherry complains of the joinder of the two indictments for a single trial. It is well established that indictments for continuing sales of the same type of contraband may be properly addressed in a single trial because they " 'constitut[ed] parts of a single scheme or plan.' " *Little v. State*, 165 Ga. App. 389, 391 (2) (300 SE2d 540) (1983). But we do not reach the issue of joinder or severance because Cherry raises it for the first time in this appeal.

Unlike the defendant in *Little*, who filed a motion to sever, Cherry did not file such a motion, and the record reveals no response or brief in opposition to the State's motion to join the offenses for trial. At trial, the State announced that it was ready in both cases, and Cherry raised no objection but announced that he was ready. After a jury was selected, the trial court inquired as to any pending motions, and Cherry responded that a motion to suppress was the only motion to be heard. After the hearing and ruling on the motion to suppress, Cherry's counsel agreed with the prosecutor that there were "no further matters on this case that I know of."

"No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. A party's acquiescence to the ruling of a trial court deprives the party of a right to complain of that ruling on appeal, and acquiescence can be caused by silence. Defendant has waived the issue argued on appeal by failing to raise an objection in the trial court." (Citations and punctuation omitted.) *Carr v. State*, 214 Ga. App. 367, 368 (448 SE2d 33) (1994)

(defense counsel made no argument in opposition to State's argument, trial court allowed State to proceed, defense made no objection). Under these circumstances, Cherry has waived any objection to the joinder of the two indictments for trial.

4. Cherry next enumerates as error a number of instances of testimony and evidence which, he contends, impermissibly placed his character in issue. But, with one exception, Cherry failed to object to any of this evidence. We cannot consider his objections now because they were not raised in the trial court. *Morrison v. State*, 220 Ga. App. 151, 155 (4) (469 SE2d 686) (1996).

The only matter to which Cherry objected at trial was the appearance of witnesses for the defense in jail clothing. But he did not object on the grounds that the dress of the witnesses placed *his* character in evidence; instead, he contended that the clothing "might prejudice the jury toward *them* or *their* testimony." (Emphasis supplied.) "Because he never objected to the testimony on this ground at trial, he has waived this claim of error. This Court does not consider objections to evidence different from those made in the trial court. [Cit.]" *Maddox v. State*, 227 Ga. App. 602, 604 (3) (490 SE2d 174) (1997).

Moreover, the single imprisoned witness who ultimately testified on Cherry's behalf had already appeared as a State's witness in jail clothing without objection from Cherry, and the fact of his guilty plea and conviction had already been discussed, without objection, in the presence of the jury. Even if we assume, without deciding, that a defendant's procedural right to appear in civilian clothes extends to defense witnesses, Cherry's failure to assert this objection until after the witness had already appeared before the jury in jail clothing waived any claim of error. See *Slade v. State*, 267 Ga. 868, 870 (3) (485 SE2d 726) (1997). "[W]here the same fact has been admitted in evidence before the jury, without objection, such admitted evidence renders harmless admission of the same evidence over objection. [Cits.]" *Masters v. State*, 186 Ga. App. 795, 797 (3) (368 SE2d 557) (1988).

Cherry acknowledges his failure to object to any other alleged instances of improper character evidence. He also failed to request an instruction on character evidence from the trial court, explicitly stated that he had no objection to the charge as delivered, and failed to reserve the right to object at a later time. He nevertheless contends on appeal that the trial court, on its own motion, should have charged the jury not to consider certain evidence, even though that evidence was never identified or objected to at trial. He describes this as "plain error," or substantial error, under OCGA § 5-5-24 (c) and *Barnett v. State*, 178 Ga. App. 685, 686 (1) (344 SE2d 665) (1986). We disagree.

In *Barnett*, the State presented highly inflammatory evidence of sexual and physical child abuse that was completely irrelevant to the charge of assault against a police officer for which Barnett was on trial. In contrast, the matters complained of by Cherry did not relate to a totally extraneous, highly prejudicial, and unrelated crime, as in *Barnett*, but to Cherry's involvement with drugs. Much of the testimony complained of was part of the res gestae or explained the officers' conduct during the investigation, and some was elicited by Cherry's counsel on cross-examination. Under these circumstances, the waived failure to give the unrequested charge clearly does not constitute "substantial error as defined in OCGA § 5-5-24 (c)." *Smith v. State*, 186 Ga. App. 303, 312 (6) (367 SE2d 573) (1988). See also *Sharp v. State*, 183 Ga. App. 641, 643 (4) (360 SE2d 50) (1987).

5. In his fifth enumeration of error, Cherry complains that the prosecutor referred to future dangerousness in his closing argument. While at the time of Cherry's trial, in 1993, such references were permitted under *Vance v. State*, 262 Ga. 236, 237 (1) (416 SE2d 516) (1992), the Supreme Court later overruled *Vance* in *Sterling v. State*, 267 Ga. 209, 210 (2) (477 SE2d 807) (1996).

Generally, failure to interpose a timely objection to the prosecutor's argument at trial forecloses consideration of the issue on appeal. *Rivers v. State*, 265 Ga. 694, 697 (7) (461 SE2d 205) (1995). As in Division 4, supra, Cherry raises an issue for the first time on appeal, then asserts the "substantial error" rule to contend that the trial court, on its own motion, should have instructed the jury to disregard matters to which Cherry never objected. In this instance, however, there was no "substantial error" in any event because the error, if any, was harmless.

Construed to support the verdict, the evidence at trial showed that Cherry stopped an undercover officer and a confidential informant on the street to solicit a sale of crack cocaine, told them to go to a residence where he negotiated the price and received cash for the cocaine, then solicited future sales. The evidence at trial also showed that Cherry was in a restaurant when officers entered to execute a search warrant and was observed attempting to conceal a vial containing 19 pieces of crack cocaine in a pocket of a pool table. An officer testified that, based on his training and experience, this amount of cocaine was "a large amount for, for a decent sized dealer in Canton." Given the overwhelming evidence of Cherry's guilt, any error with respect to this portion of the argument was harmless. *McClain v. State*, 267 Ga. 378, 383 (3) (a) (477 SE2d 814) (1996).

6. Finally, Cherry's claim of ineffective assistance of trial counsel is barred by his failure to raise this claim in a renewed motion for new trial before filing the notice of appeal. "The grant of an out-of-time appeal includes the right to file a motion for new trial. *Ponder v.*

*State*, 260 Ga. 840, 841-842.(1) (400 SE2d 922) (1991). And failure to seize an opportunity to file such a motion for new trial is a bar to raising it on appeal. *Glover v. State*, 266 Ga. 183 (465 SE2d 659) (1996). In *Glover*, the Supreme Court overruled the line of cases that held that 'new appellate counsel may bypass an opportunity to raise ineffectiveness of trial counsel before appeal by way of a motion for new trial and then raise the issue on appeal and be entitled to a remand to the trial court for a resolution of the issue.' Id. at 184, n. 6. Although in *Glover* the Supreme Court allowed a remand because it was not previously known that no remand was available, id. at 184-185 (2), that rule has been in place sufficiently long to bar such a remand in this case." *Price v. State*, 228 Ga. App. 155, 156-157 (1) (491 SE2d 210) (1997). This issue was therefore waived.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 4, 1998.

*John B. Sumner*, for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.